FILED

March 5, 2021

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 7:15 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| James McGauvran, | ) | Docket No. 2020-06-0558 |
| Employee, | ) | |
| v. | ) | |
| ATOS Syntel, Inc., | ) | State File No. 32368-2019 |
| Employer, | ) | |
| And | ) | |
| Hartford Accident & Indemnity Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER
### (DECISION ON THE RECORD)

James McGauvran fell approximately four feet from a concrete wall while checking his work email and calendar and vaping in a designated smoking area. ATOS denied the claim, asserting that he did not suffer an injury as that term is defined in the Workers' Compensation Law and the injury is idiopathic. The parties asked the Court to decide the threshold question of the compensability of the claim. For the reasons below, the Court holds that Mr. McGauvran is likely to prevail at a hearing on the merits that he suffered a compensable injury.

### Claim History

Mr. McGauvran worked for ATOS, an international technology-services company, managing twenty-six employees in the United Kingdom, India and the United States.

Mr. McGauvran testified that he was performing these job duties when he was injured on April 23, 2019. Specifically, Mr. McGauvran went to the parking ramp next to his office to smoke in an area nicknamed the "third-floor meeting room." He said that the space was frequently used for smoking but also for work discussions with his manager. Mr. McGauvran sat on a nearby wall and began using a vaping device. He explained he was trying vaping in an attempt to quit smoking cigarettes. He testified that, while reviewing emails and his calendar on his phone, he began coughing so hard that he "passed out" and fell backward off the wall.

1

Mr. McGauvran broke his neck and toe from the fall.[1] He sought emergency treatment that included fusion surgery. According to Mr. McGauvran, he suffered serious complications that require additional treatment.

**Findings of Fact and Conclusions of Law**

Mr. McGauvran must show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Injury Arising Primarily out of Employment*

To prove a compensable injury, Mr. McGauvran must show that it arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14). An injury occurs in the course of employment if it takes place while the employee was performing a duty that he was employed to perform. *Jacobs v. Bridgestone Americas Tire Operations, LLC,* 2018 TN Wrk. Comp. App. Bd. LEXIS 4, at *9 (Feb. 7, 2018). Thus, the course of employment requirement focuses on the time, place, and circumstances of the injury. *Id.* at *10. The "arising out of" requirement refers to causation and means "cause in the sense that the accident had its origin in the hazards to which the employment exposed the employee while doing his work." *Navyac v. Universal Health Servs.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 16, at *15 (Mar. 31, 2016) (citations omitted).

Focusing on the place and circumstances, Mr. McGauvran testified that he fell while vaping in a designated smoking area, dubbed the "third floor meeting room," where he had previously discussed work with his manager while smoking. ATOS argued that Mr. McGauvran was not performing his job duties or otherwise providing a benefit to it because he was vaping when he became injured. This argument ignores his unrefuted testimony that he was working while on this break, reviewing his emails and calendar on his phone.

ATOS further contended that Mr. McGauvran was vaping for the first time, and his fall was "100% caused by Employee's personal action of vaping." Whether it was Mr. McGauvran's first time vaping is immaterial; he could have coughed from smoking tobacco as well. Rather, Tennessee has long recognized the "personal comfort doctrine," which generally brings injuries suffered by employees while on authorized breaks, including smoke breaks, within the umbrella of compensable injuries. *See Jacobs*, at *11-12. Moreover, "the workers' compensation law does not expressly state that the employee must, at the time of the injury, have been benefiting his or her employer; it merely states that the injury must be one 'arising out of and in the course of the employment.'" *Id.* at *12.

---

[1] The parties have not filed medical records, so this order recounts facts about Mr. McGauvran's treatment conveyed solely by his deposition testimony.

ATOS additionally argued that the injury is idiopathic. "An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard.'" *McCaffery v. Cardinal Logistics,* 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *9 (Dec. 10, 2015) (citations omitted). An injury that occurs due to an idiopathic condition is compensable "if an employment hazard causes or exacerbates the injury." *Id.* at *10. ATOS argues that Mr. McGauvran's injury was caused by vaping and not a hazard of employment.

In *McCaffery,* the employee was driving when he sneezed and lost control of his truck. The employer argued that the sneeze initiated the chain of events that caused the employee's injuries. The Appeals Board disagreed, stating that the focus is on "the causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode." *Id.* at *11. Applying that rationale, the Court's focus should be on the causal link between Mr. McGauvran's work as a manager and the accident he suffered while reading emails and reviewing his calendar. The Court finds his employment as a sufficient connection. He is likely to prevail at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of employment, which was not idiopathic in nature.

*Fees*

Mr. McGauvran's attorney seeks an award for fees under Tennessee Code Annotated section 50-6-226(d)(1)(B).

The Appeals Board has held that "a decision to award attorneys' fees and expenses at an interlocutory stage of a case should be made only in *extremely limited circumstances.*" *Travis v. Carter Express,* 2019 TN Wrk. Comp. App. Bd. LEXIS 25, at *10 (June 24, 2019) (emphasis in original). Further, "although a finding of wrongfulness may ultimately support an award of reasonable attorney's fees and costs in accordance with section 50-6-226(d)(1)(B), it does not, standing alone, support an award of attorney's fees and costs *at an interlocutory stage of the case*. *Id.* at *13 (emphasis in original). Also:

> [W]hen an employer denies a claim or refuses to initiate benefits based on an unsettled issue of law or on a reasonable interpretation of the facts available to it at the time the claim is denied, *even if that denial is later found to be wrongful, the court should delay an award of attorney's fees until the litigation has run its course and there is no longer a question as to the compensability of the claim or whether the employee is owed workers' compensation benefits.*

*Id.* at *14 (emphasis added).

Here, the Court finds that this case presents no "extremely limited circumstances" favoring a fee award at the interlocutory stage. Mr. McGauvran may renew his request for fees at the compensation hearing if the question of compensability no longer exists.[2]

This case is set for a status hearing on **May 3, 2021, at 9:00 a.m. Central Time**. You must call (615) 532-9552 or (toll-free) (866) 943-0025. Failure to appear might result in a determination of the issues without your further participation.

**IT IS ORDERED.**

**ENTERED March 5, 2021.**

*Kenneth M. Switzer*
**JUDGE KENNETH M. SWITZER**
Court of Workers' Compensation Claims

**APPENDIX**

Exhibits:
1. Petition for Benefit Determination
2. Amended Petition for Benefit Determination
3. Dispute Certification Notice
4. Request for Expedited Hearing and Declaration of Mr. McGauvran
5. Status Hearing Order, November 17, 2020
6. Status Hearing Order, February 8, 2021
7. Deposition Transcript
8. Docketing Notice and Order
9. Declaration of James McGauvran and attached photos
10. Employer's Response to Employee's Petition for Benefit Determination
11. Compensation Hearing Pre-Trial Statement of Petitioner

---

[2] *See also* the November 17, 2020 status order: "Mr. McGauvran's attorney clarified that he only seeks a decision on compensability at this time."

4

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on March 5, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jim Higgins, employee's attorney | | | X | jsh@higginsfirm.com<br>Stephanie@higginsfirm.com |
| Blair Cannon, employer's attorney | | | X | bcannon@thehartford.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*